UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLARD RICHARD STROUD, JR., <br> Plaintiff, <br> v. <br> SHERIFF WILLIAM D. GORE, et al., <br> Defendants. | Case No.: 18-CV-515 JLS (MDD) <br><br> **ORDER GRANTING MOTION TO DISMISS** <br><br> (ECF No. 17) |

Presently before the Court is Defendants Sheriff William D. Gore and Sergeant Paul Michalke's (the "Responding Defendants") Motion to Dismiss First Amended Complaint ("FAC") ("Mot.," ECF No. 17). Also before the Court are the Responding Defendants' Notice of Lack of Opposition to (ECF No. 23), Plaintiff's Response in Opposition to ("Opp'n," ECF No. 25), the Responding Defendants' Reply to Plaintiff's Opposition to ("Reply," ECF No. 26), and Plaintiff's second Opposition to ("Sur-Reply," ECF No. 29) the Motion. The Court vacated the hearing on the Motion and took the matter under submission without oral argument. ECF No. 22. After considering the Parties' arguments and the law, the Court **GRANTS** the Responding Defendants' Motion.

## BACKGROUND

On March 13, 2016 at approximately 8:30 p.m., Plaintiff was walking in the parking lot of the George Bailey Detention Facility to visit a family member. FAC, ECF No. 15, at 2. Defendants stopped Plaintiff and requested that he provide them with identification,

1

which he did. *Id.* They also asked Plaintiff what he had previously been arrested for, which Plaintiff told them. *Id.* Defendants then informed Plaintiff that he would need to submit to a search of his person and vehicle before he would be allowed to continue with his visit. *Id.* Plaintiff declined. *Id.*

At that point, eight to ten San Diego County Sheriff's Deputies grabbed Plaintiff and slammed him against a vehicle in the parking lot. *Id.* at 3. Although Plaintiff begged the officers to stop, they continued to smash his face against the vehicle and to twist his wrists behind his back. *Id.* Because Plaintiff had been holding his phone when the attack began, the phone fell to the ground. *Id.* The officers then threw Plaintiff to the ground, where they "jumped on his back with their knees" and handcuffed him. *Id.* One officer jumped on the handcuffs, injuring Plaintiff's wrists. *Id.*

Plaintiff could not feel his hands and told the officers that he was in a great deal of pain. *Id.* The officers asked Plaintiff whether he required medical attention. *Id.* Plaintiff told them that he did. *Id.* The officers called the paramedics, who briefly examined Plaintiff and informed him that he had no broken bones. *Id.* Nonetheless, Plaintiff continues to suffer nerve damage to his wrists and lower back. *Id.* at 8.

Plaintiff was then arrested for being drunk and disorderly and was placed in the back of a patrol car for over an hour before being transported to jail, during which time the numbness in his hands worsened. *Id.* at 3. Although he repeatedly asked the defendants to loosen his handcuffs, they did not do so. *Id.* Plaintiff also asked repeatedly for his cell phone, but the officers told them that they had no idea what had happened to it. *Id.* at 4. Plaintiff was not given a toxicology or sobriety test, despite requesting one from the officers. *Id.* After Plaintiff's arrest, the officers then searched his vehicle without his consent. *Id.*

After Plaintiff was released from custody the following day, March 13, 2016, at which time he returned to the George Bailey Detention Facility to retrieve his vehicle. *Id.* Plaintiff asked a patrol officer in the parking lot whether his cell phone, which was not logged as his property during the booking process, had been turned in to the lost and found.

*Id.* The officer gave Plaintiff's contact information to Sergeant Paul Michalke, who called Plaintiff a couple days later to tell Plaintiff that the officers had no idea what had happened to Plaintiff's phone. *Id.* Sergeant Michalke told Plaintiff that a phone was found on the ground but that it belonged to one of the officers, and suggested that Plaintiff file a claim with the Sheriff's Department for the loss of his phone. *Id.* at 5. Plaintiff's phone had cost $900 dollars and contained personal information and photographs that Plaintiff cannot replace. *Id.* at 4. Ultimately, the Sheriff's Department refused Plaintiff's claim because the cell phone bill was in Plaintiff's sister's name, not his own. *Id.* at 6, 8.

Sergeant Michalke also told Plaintiff that Sergeant Michalke did not believe that Plaintiff had been under the influence of drugs or alcohol on the night of Plaintiff's arrest, but that Sergeant Michalke agreed to "go along with" the other two officers in charging Plaintiff with public intoxication. *Id.* at 5. Although Plaintiff was originally arrested for public intoxication, he was later charged with resisting arrest. *Id.* Plaintiff was found not guilty at trial. *Id.* at 7. Sergeant Michalke did not testify at the trial. *Id.*

On March 9, 2018, Plaintiff filed this action pursuant to 42 U.S.C. § 1983 against Sheriff William D. Gore, Detective Lizarraga, Sergeant Michalke, Detective Oshea, and the City of San Diego Paramedics Services. *See* ECF No. 1. Plaintiff was granted leave to proceed *in forma pauperis*, *see* ECF No. 4, and the United States Marshals Service served Sheriff Gore and Sergeant Michalke on April 27, 2018. *See* ECF Nos. 6, 10. The Sheriff's Office refused to accept service on Detectives Lizarraga and Oshea and the City of San Diego Paramedics Services. *See* ECF Nos. 7–9.

The Responding Defendants filed a motion to dismiss Plaintiff's original complaint on May 18, 2018. *See* ECF No. 11. After the Court granted Plaintiff leave to file the operative First Amended Complaint, *see* ECF Nos. 14, 15, the Court denied as moot the prior motion to dismiss. *See* ECF No. 16. The instant Motion followed on June 4, 2018. *See* ECF No. 17.

/ / /

/ / /

3

18-CV-515 JLS (MDD)

Plaintiff's First Amended Complaint adds as defendants Detective M. Snelling, Deputy K. Racine, and Paramedic E. Lancaster. *See generally* ECF No. 15. No attempt has been made to serve these defendants or to re-serve Detectives Lizarraga or Shea.[1]

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted," generally referred to as a motion to dismiss. The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 "does not require 'detailed factual allegations,' . . . it [does] demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A complaint will not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " *Iqbal*, 556 U.S. at 677 (citing *Twombly*, 550 U.S. at 557).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6). A claim is facially plausible when the facts pled "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 677 (citing *Twombly*, 550 U.S. at 556). That is not to say that the claim must be probable, but there must be "more than a

---

[1] Plaintiff's First Amended Complaint lists "Detective B. Shea" rather than "Detective Oshea" as a defendant. Because the U.S. Marshals Service reported that the Sheriff's Office had no detectives with the last name Oshea, *see* ECF No. 7, the Court assumes that this is a correction and that these defendants are the same individual.

sheer possibility that a defendant has acted unlawfully." *Id.* Facts "'merely consistent with' a defendant's liability" fall short of a plausible entitlement to relief. *Id.* (quoting *Twombly*, 550 U.S. at 557). Further, the Court need not accept as true "legal conclusions" contained in the complaint. *Id.* This review requires context-specific analysis involving the Court's "judicial experience and common sense." *Id.* at 678 (citation omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.*

## ANALYSIS

Plaintiff alleges four causes of action: (1) excessive force, (2) unlawful seizure, (3) unlawful arrest and unlawful detention, and (4) malicious prosecution. *See* FAC at 11–12; Sur-Reply at 9–15. Because Plaintiff does not specify in his FAC which causes of action are alleged against which Defendants, the Court assumes that all causes of action are alleged against every Defendant.

The Responding Defendants move to dismiss Plaintiff's First Amended Complaint pursuant to Rule 12(b)(6) on the grounds that Plaintiff's complaint does not comply with Federal Rule of Civil Procedure 8, Sheriff Gore was not personally involved in the incident, and it is unclear what actions Sergeant Michalke took that violated Plaintiff's constitutional rights.[2] *See generally* Mot. at 5–10.

/ / /

/ / /

---

[2] The Responding Defendants also request, *see* Reply at 2, that the Court disregard Plaintiff's late-filed Opposition, which was accepted *nunc pro tunc* on discrepancy. *See* ECF No. 24. Plaintiff responds that he "filed the opposition to [the Responding] Defendants' motion to dismiss only by research of the procedure and by sheer luck" because "Plaintiff had no idea that each pleading must be responded to in a timely manner." Sur-Reply at 5. In light of Plaintiff's pro se status and the circumstances, the Court believes that disregarding Plaintiff's Opposition would be inappropriate. *See, e.g.*, *Haynes v. R.W. Selby & Co.*, 338 F. App'x 694, 695 (9th Cir. 2009) (finding that district court erred in dismissing action for failure timely to file an opposition where party was unrepresented and "there was no argument or evidence of prejudice to defendants").

## I. Compliance with Federal Rule of Civil Procedure 8

Pursuant to Rule 8(a)(2), "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8(d)(1) requires that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). The Responding Defendants argue that "Plaintiff's First Amended Complaint is confusing and conclusory and fails to give the responding defendants . . . adequate notice of what particular claims he is asserting against them," and therefore request that "Plaintiff's First Amended Complaint . . . be dismissed pursuant to Rule 8." Mot. at 6; *see also* Reply at 2–3.

Plaintiff counters that, as a pro se litigant, his pleadings are to be construed liberally, *see* Opp'n at 11 (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and adds that "[i]llegal search constitutes a Fourth Amendment violation, Excessive Force, False Arrests, Malicious Prosecution, Cruel and Unusual Punishment Constitutes an Eighth Amendment violation and Due Process and deprivation of Due Process Constitutes the Violation of the Fourteenth Amendment; and Plaintiff has illustrated each component of the law in his Complaint." *Id.* at 12–13. Plaintiff also claims that the Responding Defendants' argument "appears to be a legal 'loophole' that allows Defendants to petition the Court to dismiss a Complaint based on ambiguity and inadequacy." Sur-Reply at 7.

Ninth Circuit precedent is clear that "[f]ailure, in an initial complaint, to set forth the claim by means of a short and plain statement, as required by Rule 8(a)(2), is not a ground for dismissal of an action with prejudice, since there are procedures available for correcting a vague or prolix complaint," such as a Rule 12(e) motion for a more definite statement. *DeWitt v. Pail*, 366 F.2d 682, 685 (9th Cir. 1966) (citing *Glus v. Brooklyn E. Dist. Terminal*, 359 U.S. 231, 235 (1959)). It is only "[w]here a plaintiff persists in violating Rule 8(a)(2), after being given an opportunity to replead," that "dismissal may be proper." *Id.* at 685 n.1 (citing *Corcoran v. Yorth*, 347 F.2d 222, 223 (9th Cir. 1965); *Agnew v. Moody*, 330 F.2d 868, 870–71 (9th Cir. 1964)).

///

Plaintiff's First Amended Complaint could be clearer as to his precise causes of action and against which particular defendants those causes of action are asserted. Nonetheless, if the Responding Defendants truly believed that the First Amended Complaint was so defective as to fail to provide adequate notice as to what causes of action were being asserted again them, their proper recourse was under Rule 12(e). The Court therefore declines to dismiss Plaintiff's First Amended Complaint pursuant to Rule 12(b)(6) for failure to comply with Rule 8(a)(2), electing instead to address Plaintiff's First Amended Complaint on the merits.

## II. Causes of Action Against Sheriff Gore

The Responding Defendants argue that any claims against Sheriff Gore must be dismissed because "[t]here are no factual allegations indicating Sheriff Gore was involved in the incident or even has awareness of its existence." Mot. at 6. Plaintiff explains in his First Amended Complaint that he "has included the aforementioned named defendants in his complaint because Sheriff William Gore is the highest ranking officer in San Diego County Sheriff[']s Department thus he is responsible for the actions and behavior of the subordinate officers within his department." FAC at 9. Plaintiff adds that "Sheriff Gore has deputies within his department who act without regard to civil procedure and California State regulations as it relates to having probable cause to search and arrest an individual without a justifiable reason and without following Federal and State rules as prescribed by the Constitution of the United States of America." *Id.*

As the Responding Defendants note, *see* Mot. at 6, "[a] supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. There is no respondeat superior liability under section 1983." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (citing *Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675, 680–81 (9th Cir. 1984)). Because such allegations are wholly lacking in Plaintiff's First Amended Complaint, the Court **GRANTS** the Responding Defendants' Motion and **DISMISSES WITHOUT PREJUDICE** all causes of action against Sheriff Gore.

### III.  Causes of Action Against Sergeant Michalke

The Responding Defendants contend that "[i]t is entirely unclear what constitutional right under § 1983 Plaintiff believed Sergeant Michalke violated" because "any specific allegations in the complaint involving Sergeant Michalke are confined to discussions regarding Plaintiff's cell phone" but "Plaintiff has . . . failed to present sufficient facts supporting that Sergeant Michalke effectuated a constitutional injury" rather than that "Sergeant Michalke attempted to assist Plaintiff in tracking down the allegedly lost phone." Mot. at 8–9.

As indicated above, Plaintiff alleges four causes of action: (1) excessive force, (2) unlawful seizure, (3) unlawful arrest and unlawful detention, and (4) malicious prosecution. *See* FAC at 11–12; Sur-Reply at 9–15. Plaintiff explains in his First Amended Complaint that he "has included Sergeant Paul Michalke in his complaint due to the fact that [Sgt. Michalke] is the contact person that was given to plaintiff after the plaintiff was subsequently released from jail the following day." FAC at 10. From the face of Plaintiff's First Amended Complaint, it appears that Sergeant Michalke was not among the officers involved in the events alleged on March 12, 2016. Instead, Sergeant Michalke first entered the scene "a few days" after Plaintiff was released from jail on March 13, 2016, when Sergeant Michalke "called [Plaintiff] at his place of employment" about Plaintiff's cell phone. *See id.* at 4. Sergeant Michalke gave conflicting information about the fate of Plaintiff's cell phone, *see id.* at 4–5, and eventually suggested that Plaintiff file a claim with the Sheriff's Department, *see id.* at 5, which was denied. *See id.* at 6, 8. The Court therefore concludes that, to the extent Plaintiff asserts his first, second, or third causes of action against Sergeant Michalke, Plaintiff fails to state a claim because he alleges no involvement by Sergeant Michalke in the use of force, the unlawful seizure of Plaintiff's cell phone, or Plaintiff's detention or arrest.

With regard to Plaintiff's fourth cause of action for malicious prosecution, "the tort has traditionally been regarded as a disfavored cause of action" because "courts have long recognized that the tort has the potential to impose an undue 'chilling effect' on the

ordinary citizen's willingness to report criminal conduct or to bring a civil dispute to court." *Sheldon Appel Co. v. Albert & Oliker*, 47 Cal. 3d 863, 872 (1989) (citing *Babb v. Super. Ct.*, 3 Cal. 3d 841, 847 (1971); *Jaffe v. Stone*, 18 Cal. 2d 146, 159–160 (1941)). "Under the governing authorities, in order to establish a cause of action for malicious prosecution of either a criminal or civil proceeding, a plaintiff must demonstrate 'that the prior action (1) was commenced by or at the direction of the defendant and was pursued to a legal termination in his, plaintiff's, favor . . . ; (2) was brought without probable cause . . . ; and (3) was initiated with malice." *Sheldon Appel Co.*, 47 Cal. 3d at 871–72 (quoting *Bertero v. Nat'l Gen. Corp.*, 13 Cal. 3d 43, 50 (1974)) (citing Rest. 2d Torts §§ 653–681B (1977)). A defendant may lack probable cause where "he relies upon facts which he has no reasonable cause to believe to be true." *Sangster v. Paetkau*, 68 Cal. App. 4th 151, 164 (1998). The standard is objective, *see id.* (citing *Sheldon Appel Co.*, 47 Cal. 3d at 878–79), and, "[i]n making its determination whether the prior action was legally tenable, the trial court must construe the allegations of the underlying complaint liberally in a light most favorable to the malicious prosecution defendant." *Sangster v. Paetkau*, 68 Cal. App. 4th 151, 165 (1998) (citing *Leonardini v. Shell Oil Co.*, 216 Cal. App. 3d 547, 571 (1989)).

Here, Plaintiff alleges that Sergeant Michalke told Plaintiff that "[Sergeant Michalke] did not believe that [Plaintiff] was under the influence of drugs of alcohol on the night of March 12, 2016[,] but only agreed to charge [Plaintiff] [with public intoxication] to go along with what the other two reporting officers who wanted to charge [Plaintiff] on these false charges." FAC at 5. Plaintiff was later charged with resisting arrest. *Id.* He was eventually acquitted of the charge. *Id.* at 7. Even construing these facts most favorable to Sergeant Michalke, the Court finds that the first two elements of Plaintiff's cause of action are satisfied.

As for the third element, "[t]he 'malice' element of the malicious prosecution tort relates to the subjective intent or purpose with which the defendant acted in initiating the prior action, and past cases establish that the defendant's motivation is a question of fact to be determined by the jury." *Sheldon Appel Co.*, 47 Cal. 3d at 874 (citing *Runo v.*

*Williams*, 162 Cal. 444, 450 (1912); Rest. 2d Torts § 681B(2)(b) (1977)). The California Court of Appeal has explained:

> [M]alice is present when proceedings are instituted primarily for an improper purpose. Suits with the hallmark of an improper purpose are those in which: (1) the person initiating them does not believe that his claim may be held valid; (2) the proceedings are begun primarily because of hostility or ill will; (3) the proceedings are initiated solely for the purpose of depriving the person against whom they are initiated of a beneficial use of his property; (4) the proceedings are initiated for the purpose of forcing a settlement which has no relation to the merits of the claim.

*Sierra Club Found. v. Graham*, 72 Cal. App. 4th 1135, 1157 (1999) (internal quotation marks and alteration omitted).

> [B]y itself, the conclusion that probable cause is absent logically tells the trier of fact nothing about the defendant's subjective state of mind. . . . [T]he presence of malice must be established by other, additional evidence. [¶] . . . [T]hat evidence must include proof of either actual hostility or ill will on the part of the defendant or a subjective intent to deliberately misuse the legal system for personal gain or satisfaction at the expense of the wrongfully sued defendant.

*Downey Venture v. LMI Ins. Co.*, 66 Cal. App. 4th 478, 498–99 (1998) (footnote omitted).

Such allegations are missing here. Although Plaintiff alleges that Sergeant Michalke acceded to charging Plaintiff with public intoxication to "go along with" two of the arresting officers, *see* FAC at 5, there is no allegation that he did so out of any hostility or ill will toward Plaintiff. Plaintiff's fourth cause of action against Sergeant Michalke must therefore fail.

Consequently, the Court **GRANTS** the Responding Defendants' Motion and **DISMISSES WITHOUT PREJUDICE** Plaintiff's causes of action against Sergeant Michalke.

///

**CONCLUSION**

In light of the foregoing, the Court **GRANTS** Defendants' Motion (ECF No. 17) and **DISMISSES WITHOUT PREJUDICE** Plaintiff's First Amended Complaint as to Defendants Sheriff William D. Gore and Sergeant Paul Michalke. Because the dismissal is without prejudice, Plaintiff **MAY FILE** a Second Amended Complaint within thirty (30) days of the electronic docketing of this Order. *Should Plaintiff fail to file an amended complaint, dismissal of Plaintiff's claims as to Defendants Sheriff Gore and Sergeant Michalke shall be with prejudice.*

The Court also notes that Plaintiff has failed to serve Defendants Detective Jesus Lizarraga, Detective B. Shea, Detective M. Snelling, Deputy K. Racine, and Rural/Metro Fire Paramedics Services E. Lancaster. Consequently, the Clerk of the Court **SHALL ISSUE** a summons as to Plaintiff's First Amended Complaint (ECF No. 15) upon Defendants and forward it to Plaintiff along with a blank U.S. Marshal Form 285. The Clerk of the Court **SHALL PROVIDE** Plaintiff with a certified copy of his First Amended Complaint (ECF No. 15) and a summons so that he may serve the Defendants. Once he receives this "IFP Package," Plaintiff **SHALL COMPLETE** Form 285 as completely and accurately as possible, including an address where Defendants may be found and/or subject to service pursuant to Civil Local Rule 4.1(c) and returning it to the United States Marshal according to the instructions the Clerk of the Court provides in the letter accompanying his IFP package. Upon receipt of Plaintiff's completed Form 285, the U.S. Marshal timely **SHALL SERVE** a copy of Plaintiff's First Amended Complaint and summons upon Defendants as directed by Plaintiff, with all costs advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3). Once they have been served, Defendants **SHALL RESPOND** to Plaintiff's First Amended Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a).

Should Plaintiff elect to file a Second Amended Complaint, the Clerk of the Court **SHALL ISSUE** a new summons and all parties **SHALL ABIDE** by the above procedure.

/ / /

***Failure timely to serve any unserved Defendants may result in dismissal <u>without prejudice</u> of Plaintiff's claims as to those Defendants.***

**IT IS SO ORDERED.**

Dated: November 27, 2018

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge