UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLARD RICHARD STROUD, JR.,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO, SERGEANT JESUS LIZARRAGA, BENJAMIN SHEA, SERGEANT PAUL MICHALKE, and DOES 1–25,<br><br>Defendants. | Case No.: 18-CV-515 JLS (MDD)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**<br><br>(ECF Nos. 34, 46) |

Presently before the Court are the Motions to Dismiss Second Amended Complaint filed by Defendant Sergeant Paul Michalke ("1st Mot.," ECF No. 34) and Kirsten Racine and Marc Snelling ("2nd Mot.," ECF No. 46) (together, the "Motions").[1] Also before the Court are Plaintiff's Response in Opposition to ("1st Opp'n," ECF No. 40), Defendants Sergeant Michalke and the County's Reply in Support of ("1st Reply," ECF No. 41), Plaintiff's Sur-Reply to ("1st Sur-Reply," ECF No. 43[2]) the 1st Motion, as well as

---

[1] Defendants County of San Diego (the "County"), Sergeant Jesus Lizarraga, and Detective Benjamin Shea joined in the First Motion. *See* ECF Nos. 35, 44.

[2] Defendants Lizarraga, the County, Michalke, and Shea object to the filing of Plaintiff's First Sur-Reply because "[n]either the federal rules nor the local rules permit a sur-reply" and "no rationale was offered

Plaintiff's Opposition to ("2nd Opp'n," ECF No. 55), Defendants Snelling and Racine's Reply in Support of ("2nd Reply," ECF No. 58), and Plaintiff's Sur-Reply to ("2nd Sur-Reply," ECF No. 60) the Second Motion. The Court vacated the hearings on the Motions and took the matters under submission without oral argument pursuant to Civil Local Rule 7.1(d)(1). *See* ECF Nos. 38, 59. After considering the Parties' arguments and the law, the Court **GRANTS IN PART AND DENIES IN PART** Defendants' Motions.

## BACKGROUND[3]

On the evening of March 13, 2016, Plaintiff was walking in the parking lot of the George Bailey Detention Facility to visit a family member. SAC ¶ 8. A group of eight to ten Sheriff's Deputies, including Defendants Lizarraga, Shea, and Michalke, stopped Plaintiff and requested that he provide them with identification, which he did. *Id.*; *see also id.* ¶ 10. One of the deputies also asked Plaintiff whether he had been arrested in the past. *Id.* ¶ 11. Defendants then informed Plaintiff that he would need to submit to a search of his person and vehicle before he would be allowed to continue with his visit. *Id.* ¶¶ 8, 12. Plaintiff declined. *Id.* ¶ 11.

At that point, the group of deputies grabbed Plaintiff's arms and slammed him against a vehicle in the parking lot. *Id.* ¶ 13. Although Plaintiff begged the officers to stop, they continued to twist his wrists behind his back and then slammed him to the ground. *Id.* ¶¶ 13–14. While Plaintiff was on the ground, one of the deputies used his arm to apply a carotid restraint, while two other deputies applied handcuffs so tightly that Plaintiff

---

to justify an additional round of briefing and Plaintiff did not raise any new or persuasive arguments." ECF No. 45 at 1–2. "District courts have the discretion to either permit or preclude the filing of a sur-reply." *Est. of Alvarado v. Tackett*, No. 13-CV-1202 W (JMA), 2018 WL 1141502, at *1 (S.D. Cal. Mar. 2, 2018) (citing *Johnson v. Wennes*, No. 08-CV-1798-L (JMA), 2009 WL 1161620, at *2 (S.D. Cal. Apr. 28, 2009)). Here, the Court accepted Plaintiff's First Sur-Reply on discrepancy. *See* ECF No. 42. Accordingly, the Court **OVERRULES AS MOOT** Defendant's objection.

[3] The facts alleged in Plaintiff's Second Amended Complaint ("SAC," ECF No. 32) are accepted as true for purposes of the Motions to Dismiss. *See Vasquez v. Los Angeles Cnty.*, 487 F.3d 1246, 1249 (9th Cir. 2007) (holding that, in ruling on a motion to dismiss, the Court must "accept all material allegations of fact as true").

"screamed out in pain and pleaded with the Deputies to stop." *Id.* ¶ 14. This went on for several minutes. *Id.* ¶ 16.[4]

Plaintiff's hands were numb and throbbing. *Id.* ¶ 18. Consequently, the officers asked Plaintiff whether he required medical attention. *Id.* ¶ 17. Plaintiff told them that he did. *Id.* The officers therefore called the paramedics, who "briefly" examined Plaintiff and informed him that he had no broken bones. *Id.* Plaintiff alleges that this medical aid was inadequate because no x-rays were taken. *Id.*

Plaintiff was then arrested for being drunk and disorderly and was placed in the back of a patrol car for over an hour before being transported to jail, during which time the numbness in his hands worsened. *Id.* ¶¶ 19–20. Although he repeatedly asked the defendants to loosen his handcuffs, they did not do so. *Id.* ¶ 19. Plaintiff also asked repeatedly for his cell phone, but the deputies told them that they had no idea what had happened to it. *Id.* Plaintiff was not given a toxicology or sobriety test, despite requesting one from the officers. *Id.* ¶ 21.

Plaintiff was released from custody the following day, March 13, 2016, at which time he returned to the George Bailey Detention Facility to retrieve his vehicle. *Id.* ¶ 22. Plaintiff asked a patrol officer in the parking lot whether his cell phone, which had not been logged as his property during the booking process, had been turned in to the lost and found. *Id.* The officer took Plaintiff's contact information and gave it to Sergeant Paul Michalke, who called Plaintiff a couple days later. *Id.* ¶ 23. During one of their several telephone conversations, Sergeant Michalke suggested that Plaintiff file a claim with the Sheriff's Department for the loss of his phone. *Id.* ¶ 25. After Plaintiff filed the claim, however, Sergeant Michalke claimed that the phone that had been retrieved from the ground belonged to one of his fellow officers. *Id.*

///

---

[4] Plaintiff's Second Amended Complaint does not contain a paragraph 15. For ease of reference, the Court refers to the paragraphs as numbered by Plaintiff.

Sergeant Michalke also told Plaintiff that Sergeant Michalke did not believe that Plaintiff had been under the influence of drugs or alcohol on the night of Plaintiff's arrest but that Sergeant Michalke agreed to "go along with" the other two officers in charging Plaintiff with public intoxication. *Id.* ¶ 24. Although Plaintiff was originally arrested for public intoxication, *id.* ¶ 20, he was later charged with resisting arrest. *Id.* ¶ 27. Plaintiff was found not guilty at trial. *Id.*

On March 9, 2018, Plaintiff filed this action, in pro se, pursuant to 42 U.S.C. § 1983 against Sheriff William D. Gore, Detective Lizarraga, Sergeant Michalke, Detective Shea, and the City of San Diego Paramedics Services. *See* ECF No. 1. Plaintiff was granted leave to proceed *in forma pauperis*, *see* ECF No. 4, and the United States Marshals Service served Sheriff Gore and Sergeant Michalke on April 27, 2018. *See* ECF Nos. 6, 10. The Sheriff's Office refused to accept service on Detectives Lizarraga and Shea and the City of San Diego Paramedics Services. *See* ECF Nos. 7–9.

Defendants filed a motion to dismiss Plaintiff's original complaint on May 18, 2018. *See* ECF No. 11. The Court granted Plaintiff leave to file a First Amended Complaint, *see* ECF No. 14, in which Plaintiff added as defendants Detective M. Snelling, Deputy K. Racine, and Paramedic E. Lancaster. *See generally* ECF No. 15. Consequently, the Court denied as moot the pending motion to dismiss, *see* ECF No. 16, following which Defendants Sheriff Gore and Sergeant Michalke filed a motion to dismiss Plaintiff's First Amended Complaint on June 4, 2018. *See* ECF No. 17. The Court granted their motion, dismissing Plaintiff's First Amended Complaint without prejudice. *See generally* ECF No. 30.

On December 26, 2018, Plaintiff filed the operative Second Amended Complaint, which dropped as defendants Paramedic E. Lancaster, Sherriff Gore, Deputy Racine, and Detective Snelling but added unnamed Doe Defendants 1–25. *See generally* ECF No. 32. On January 9, 2019, Sergeant Michalke filed the First Motion. *See generally* ECF No. 34. The County joined in the First Motion on February 1, 2019. *See generally* ECF No. 35.

///

The U.S. Marshals Service served Defendants Shea, Lizarraga, Racine, and Snelling between March 27, and April 2, 2019. *See* ECF Nos. 47–50. On April 9, 2019, Defendants Lizarraga and Shea joined in the First Motion. *See* ECF No. 44. On April 12, 2019, Defendants Racine and Snelling filed the Second Motion. *See generally* ECF No. 46. Plaintiff filed a Notice of Errata on May 9, 2019, which was accepted by the Court on discrepancy, *see* ECF No. 52, and in which Plaintiff noted that he had inadvertently omitted Defendants Racine and Snelling from the caption of his Second Amended Complaint. *See* ECF No. 53.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted," generally referred to as a motion to dismiss. The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 "does not require 'detailed factual allegations,' . . . it [does] demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A complaint will not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " *Iqbal*, 556 U.S. at 677 (citing *Twombly*, 550 U.S. at 557).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6). A claim is facially plausible when the facts pled "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 677 (citing *Twombly*, 550 U.S. at

556). That is not to say that the claim must be probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Facts "'merely consistent with' a defendant's liability" fall short of a plausible entitlement to relief. *Id.* (quoting *Twombly*, 550 U.S. at 557). Further, the Court need not accept as true "legal conclusions" contained in the complaint. *Id.* This review requires context-specific analysis involving the Court's "judicial experience and common sense." *Id.* at 678 (citation omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.*

## ANALYSIS

Plaintiff alleges six causes of action: (1) excessive force in violation of his Eighth and Fourteenth Amendment rights; (2) retaliation in violation of his First Amendment rights; (3) battery by a peace officer; (4) violation of the Bane Act, California Civil Code § 52.1; (5) intentional infliction of emotional distress; and (6) negligence. *See generally* SAC ¶¶ 28–71. Plaintiff alleges all causes of action against Defendants Lizarraga, Shea, Michalke, and Does 1–25, *see id.*, and only his fifth cause of action for intentional infliction of emotional distress against the County. *See id.* ¶¶ 62–66. In a Notice of Errata filed May 9, 2019, Plaintiff notes that he inadvertently failed to include Defendants Racine and Snelling from the caption of his Second Amended Complaint. *See generally* ECF No. 52.

**I. The First Motion**

Defendants Michalke, Lizarraga, Shea, and the County move to dismiss Plaintiff's Second Amended Complaint pursuant to Rule 12(b)(6) on the grounds that Plaintiff's Second Amended Complaint fails to allege facts supporting his claims, that Plaintiff's state law claims are barred as a matter of law, and that Plaintiff is barred from adding Doe Defendants 1–25.[5] *See* 1st Mot. at 1–2.

---

[5] Defendants County of San Diego, Lizarraga, Shea, and Michalke were mailed a copy of the Summons and Second Amended Complaint on December 28, 2018; however, with the exception of Sergeant Michalke, none of these Defendants had previously been served. *See* 1st Mot. at 4 n.2; *see also* ECF Nos.

### A. Constitutional Causes of Action Against Defendants Michalke, Lizarraga, and Shea

Defendants Michalke, Lizarraga, and Shea contend that Plaintiff "fails to allege a sufficient factual basis that [they] violated his constitutional rights under 42 [U.S.C.] § 1983 or [the Bane Act]," Mot. at 5 (emphasis omitted), and that, "[t]o the extent that Plaintiff is also alleging a Fourth Amendment search and seizure claim against Sergeant Michalke [and Defendants Lizarraga and Shea], Plaintiff has also not pled adequate facts to support this claim." *Id.* at 5 n.3. Defendants Michalke, Lizarraga, and Shea therefore request that the Court dismiss Plaintiff's first, second, and fourth causes of action with prejudice. *See id.* at 7–8.

#### 1. Plaintiff's First Cause of Action for Excessive Force and Fourth Cause of Action for Violation of the Bane Act

In his first cause of action, Plaintiff claims that Defendants Lizarraga, Shea, and Michalke violated his Eighth and Fourteenth Amendment rights by using excessive force against him on the evening of March 12, 2016. *See* SAC ¶¶ 28–38. In his fourth cause of action, Plaintiff alleges that Defendants Lizarraga, Shea, and Michalke's violation of his Fourth and Fourteenth Amendment rights also violated the Bane Act. *See id.* ¶¶ 55–61.

In its November 27, 2018 Order granting Sergeant Michalke's prior motion to dismiss, the Court concluded that Plaintiff had failed to state a claim against him because "he allege[d] no involvement by Sergeant Michalke in the use of force, the unlawful seizure of Plaintiff's cell phone, or Plaintiff's detention or arrest." ECF No. 30 at 8. In his Second Amended Complaint, Plaintiff attempts to remedy this prior deficiency by generally alleging that "[t]he names of the officers on the scene" were "given to him by his attorney . . . [and that t]hose names include Jesus Lizarraga, B. Shea, and Sergeant Michalke." SAC

---

6–10, 47–50. Consequently, the First Motion was filed only on behalf of Sergeant Michalke. *See generally* ECF No. 34. Nonetheless, Defendants County of San Diego, Lizarraga, and Shea joined in Sergeant Michalke's First Motion, *see* ECF Nos. 35, 44, and the First Reply addresses Plaintiff's causes of action against the County. *See* 1st Reply at 2–3.

¶ 8. Plaintiff also alleges that Defendant Michalke "was . . . one of the Deputies who used excessive force against [Plaintiff] and he was the Sergeant in charge of the unit on March 12." *Id.* ¶ 20.

Defendants Michalke, Lizarraga, and Shea contend that "Plaintiff again fails to allege any specific facts supporting that [they] violated or interfered with any of his constitutional rights by using excessive force" because his allegations are "entirely conclusory and fail[] to show specifically how Sergeant Michalke [or Defendants Lizarraga and Shea] personally participated in the excessive force incident," instead "only generally plead[ing] a group involvement." 1st Mot. at 6. Defendants Michalke, Lizarraga, and Shea therefore contend that Plaintiff's first and fourth causes of action against them should be dismissed. *See id.* at 6 & n.4 (citing *Cameron v. Craig*, 713 F.3d 1012, 1022 (9th Cir. 2013) ("[T]he elements of the excessive force claim under § 52.1 are the same as under § 1983.")).

Liability under § 1983 arises only upon a showing of personal participation by the defendant. *See Fayle v. Stapley,* 607 F.2d 858, 862 (9th Cir. 1979). Further, pro se plaintiffs are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (9th Cir. 1972). Here, Plaintiff alleges that Sergeant Michalke "was . . . one of the Deputies who used excessive force against [Plaintiff] and he was the Sergeant in charge of the unit on March 12[,] 2016," SAC ¶ 20, and that Defendants Lizarraga and Shea were officers who "used unnecessary and excessive force when they grabbed, slammed, choked, twisted, and handcuffed [Plaintiff]" on that evening. *Id.* ¶ 31.

The Court finds that Plaintiff has sufficiently pled Defendants Michalke, Lizarraga, and Shea's involvement to survive the pleading stage. The Court therefore **DENIES** Defendants' First Motion as to Plaintiff's excessive force claims and alleged violations of the Bane Act.

        2.      *Plaintiff's Second Cause of Action for First Amendment Retaliation*

In his second cause of action, Plaintiff alleges that Defendant Lizarraga, Shea, and Michalke retaliated against him in violation of his First Amendment rights by "not

allow[ing] Stroud to evoke his rights not to be searched without probable cause and his right to leave without law enforcement[']s permission." SAC ¶ 41.

To present a valid claim for First Amendment retaliation, Plaintiff must allege sufficient facts "that (1) [he] engaged in constitutionally protected activity; (2) the defendant's actions would 'chill a person of ordinary firmness' from continuing to engage in the protected activity; and (3) the protected activity was a substantial motivating factor in the defendant's conduct—i.e., that there was a nexus between the defendant's actions and an intent to chill speech." *Ariz. Students' Ass'n v. Ariz. Bd. of Regents*, 824 F.3d 858, 867 (9th Cir. 2016).

Defendants Michalke, Lizarraga, and Shea claim that Plaintiff cannot establish the first element of his claim against them because "Plaintiff refusing a search of his vehicle in front of a detention facility is not constitutional[ly] protected activity." 1st Mot. at 7. Defendants Michalke, Lizarraga, and Shea also contend that "[a] reasonable administrative search, especially of individuals seeking to enter sensitive facilities, is an exception to the fourth amendment warrant requirement and does not necessitate a showing of probably cause." *Id.* (citing *Klarfeld v. United States*, 944 F.2d 583, 586 (9th. Cir. 1991); *United States v. Bulacan*, 156 F.3d 963, 967 (9th Cir. 1998)). Finally, Defendants Michalke, Lizarraga, and Shea argue that "Plaintiff has not alleged sufficient factual support that [they] violated his first Amendment rights," *id.* at 7–8, because "Plaintiff has not alleged any facts that it was specifically Sergeant Michalke [or Defendants Lizarraga or Shea] who told him he could not leave and that his car was going to be searched." *Id.* at 7.

As Defendants Michalke, Lizarraga, and Shea note, *see id.*, administrative searches are "among the 'carefully defined classes of cases' for which no warrant is needed." *See Klarfeld*, 944 F.2d at 586. Under this administrative search exception, limited warrantless searches are authorized for persons entering sensitive public facilities if conducted as part of a general regulatory scheme in furtherance of an administrative purpose. *Id.*; *see also McMorris v. Alioto*, 567 F.2d 897, 899 (9th Cir. 1978). Nonetheless, "[t]o pass constitutional muster, an administrative search must meet the Fourth Amendment's

standard of reasonableness." *Klarfeld*, 944 F.2d at 586 (alteration in original). "[P]rison visitor vehicle searches without any individualized suspicion has been deemed reasonable under the special needs doctrine," but "some degree of individualized suspicion is required to search visitors or their belongings by force or without their consent and without allowing a visitor the option to leave the prison rather than be subjected to a search." *O'Con v. Katavich*, No. 1:13-CV-1321-AWI-SKO, 2013 WL 6185212, at *5 & n.3 (E.D. Cal. Nov. 26, 2013) (citing *Neumeyer v. Beard,* 421 F.3d 210, 214 (3d Cir. 2005); *Gadson v. State*, 341 Md. 1, 13 (1995)).

Here, Plaintiff alleges that Defendants Lizarraga, Shea, and Michalke retaliated with excessive force after Plaintiff refused to acquiesce to what he perceived as an unlawful search and requested to leave the premises. *See* SAC ¶¶ 39–45. Defendants Michalke, Lizarraga, and Shea fail to carry their burden of establishing that Plaintiff cannot allege that he was engaged in a constitutionally protected activity by sheer virtue of the fact that he was in a correctional facility parking lot. They do not cite to binding authority concerning the issue of whether the correctional facility parking lot was considered a "sensitive facility[y]." *See* 1st Mot. at 7. Further, it is unclear that an inspection of Plaintiff's person was appropriate, especially in light of Plaintiff's explicit refusal of a search of his person and request for permission to leave the facility. *See* FAC ¶¶ 9, 11, 41, 44; *see also O'Con*, 2013 WL 6185212, at *5 & n.3. The Court concludes that Plaintiff has adequately alleged that he was engaged in protected speech activity. *See, e.g.*, *Rabinovitz v. City of Los Angeles*, 287 F. Supp. 3d 933, 953–54 (C.D. Cal. 2018) (recognizing that plaintiffs who refused to answer questions posed by officers in violation of their Fourth Amendment rights were engaged in protected speech activity).

Defendants alternatively contend that, even if Plaintiff was engaged in a constitutionally protected activity, he "has not alleged facts that it was specifically Sergeant Michalke [or Defendants Lizarraga or Shea] who told him he could not leave and that his car was going to be searched," and "failed to set forth what specific actions were taken by Michalke [or Lizarraga or Shea] that would chill [Plaintiff's] speech or that there was a

nexus between these alleged actions and intent to chill speech." 1st Mot. at 7. Plaintiff suggests that the nexus was that the officers "became irate with him for asking questions thus they [overreacted] to the situation and used excessive force to punish [Plaintiff] for asserting his Constitutional Right [of free speech]." *See* SAC ¶ 44.

Here, Plaintiff alleges that Defendants Lizarraga, Shea, and Michalke used excessive force against him after he asked questions about his search and detention. *See id.* ¶¶ 40–44. Plaintiff's allegations that he was struck by Defendants Lizarraga, Shea, and Michalke in response to his questions are sufficient in light of Ninth Circuit authority holding that "even the threat of physical violence, let along an actual violent act, is sufficient to constitute chilling conduct." *See Gonzalez v. Morse*, No. 117CV00510DADBAM, 2017 WL 4539262, at *3 (E.D. Cal. Oct. 11, 2017) (citing *Watison v. Carter*, 668 F.3d 1108, 1116 (9th Cir. 2012); *Rhodes v. Robinson*, 408 F.3d 559, 568 (9th Cir. 2005); *Gleason v. L. Franklin*, No. CV 15-8380-CBM (DFM), 2017 WL 3203404, at *5 (C.D. Cal. May 16), *recommendation adopted* 2017 WL 3197226 (July 26, 2017)). Further, "a reasonable inference can be drawn from the allegations of the complaint that the protected activity was a substantial motivating factor in defendant[s'] actions," *id.*, particularly given the temporal proximity of the alleged events. *See, e.g.*, *Hof v. Nye Cnty.*, No. 218CV01492RFBGWF, 2018 WL 4107897, at *6 (D. Nev. Aug. 28, 2018) ("[T]he temporal proximity between the protected speech and Defendants' decision . . . suggests Defendants acted with a retaliatory motive."); *Solanki v. Cnty. of Los Angeles*, No. CV163288DMGGJSX, 2017 WL 10573985, at *2 (C.D. Cal. Apr. 5, 2017) (denying motion to dismiss where the plaintiffs alleged that the defendant made a threat after they sought to exercise protected First Amendment activity).

The Court therefore **DENIES** Defendants Michalke, Lizarraga, and Shea's First Motion as to Plaintiff's second cause of action for First Amendment retaliation.

### B. *State Law Causes of Action*

Plaintiff also alleges three state law causes of action against Defendants Michalke, Lizarraga, and Shea for battery by a peace officer, *see* SAC ¶¶ 46–54; intentional infliction

of emotional distress, *see id.* ¶¶ 62–66; and negligence. *See id.* ¶¶ 67–71. Plaintiff's intentional infliction of emotional distress cause of action is also asserted against the County. *See id.* ¶¶ 62–66. Defendants Michalke, Lizarraga, Shea, and the County allege that these causes of action are barred because Plaintiff "failed to petition for late claim relief within a year after the accrual of his cause of action." *See* 1st Mot. at 8.

"Section 950.2 of the Government Code provides, in pertinent part, that 'a cause of action against a public employee . . . for injury resulting from an act or omission in the scope of his employment as a public employee is barred' unless a timely claim has been filed against the employing public entity." *Mazzola v. Feinstein*, 154 Cal. App. 3d 305, 310 (1984). Under California Government Code section 911.2, "[a] claim relating to a cause of action . . . for injury to person . . . shall be presented [to the public entity] not later than six months after the accrual of the cause of action." Cal. Gov't Code § 911.2(a). "When a claim that is required by Section 911.2 to be presented not later than six months after the accrual of the cause of action is not presented within that time, a written application may be made to the public entity for leave to present that claim . . . within a reasonable time not to exceed one year after the accrual of the cause of action." Cal. Gov't Code § 911.4(a)–(b). The "plaintiff must allege facts demonstrating or excusing compliance with the claim presentation requirement. Otherwise, his complaint is subject to a general demurrer for failure to state facts sufficient to constitute a cause of action." *Chadam v. Palo Alto Unified Sch. Dist.*, 666 F. App'x 615, 618 (9th Cir. 2016) (quoting *State v. Super. Ct.*, 32 Cal. 4th 1234, 1243 (2004)).

Here, Plaintiff does not allege compliance with the claim presentment requirement, *see generally* SAC, which is "an essential element of a cause of action against a public entity." *See Lawrence v. City of San Bernardino*, No. CV04-00336 FMC SGLX, 2005 WL 5950105, at *3 (C.D. Cal. July 27, 2005) (quoting *Wood v. Riverside Gen. Hosp.*, 25 Cal. App. 4th 1113, 1119 (2004)). This itself mandates dismissal of Plaintiff's state law causes of action. *See, e.g.*, *Chadam*, 666 F. App'x at 618 (affirming dismissal of negligence claim
///

where plaintiffs failed to allege facts in their complaint demonstrating or excusing compliance with the claim presentment requirement).

Further, Defendants Michalke, Lizarraga, Shea, and the County request that the Court take judicial notice of Plaintiff's claim, which was not filed with the County until August 22, 2017.[6] *See* 1st Mot. at 8 & n.5; *see also* Decl. of Brent Barnes in Support of 1st Mot., ECF No. 34-2, Ex. A. Plaintiff does not contest that the underlying incident occurred and accrued on March 12, 2016. *See generally* SAC; *see also generally* Opp'n. Consequently, Plaintiff was required to present a claim to the County by mid-September of 2016, *see* Cal. Gov't Code § 911.2(a), or seek leave to file an untimely claim by March 12, 2017. *See* Cal. Gov't Code § 911.4(a)–(b). This Plaintiff failed to do. Instead, Plaintiff now claims that because he has "petitioned the court for relief under California Civil Code § 52.1," he is "entitled to seek judicial power to address the issues [encompassed in] the Complaint." Opp'n at 14. The Bane Act, however, does not allow Plaintiff to skirt the requirements of the California Government Tort Claims Act, as Plaintiff attempts to do here. *Cf. Williams v. City of Antioch*, No. C 08-02301 SBA, 2010 WL 3632199, at *5 (N.D. Cal. Sept. 2, 2010) (finding that Plaintiff's Bane Act claim was subject to the claim presentation requirement of the Government Tort Claims Act). Accordingly, Plaintiff's state law claims for battery, intentional infliction of emotional distress, and negligence are barred.

The Court therefore **GRANTS** Defendants First Motion and **DISMISSES WITHOUT PREJUDICE** Plaintiff's state law causes of action.

### C.    *Addition of Doe Defendants 1–25*

Defendants Michalke, Lizarraga, and Shea contend that Plaintiff is barred from adding Doe Defendants 1–25 to his Second Amended Complaint because the "Plaintiff's original complaint . . . does not include doe defendants" and "[t]he two-year statute of

---

[6] Because government claims are public records, the Court may properly take judicial notice of Plaintiff's claim under Federal Rule of Evidence 201 without converting Defendants' Rule 12(b)(6) motion into a motion for summary judgment. *See Lawrence*, 2005 WL 5950105, at *3.

limitations of both Plaintiff's state law claim and constitutional law claim expired on March 12, 2018." 1st Mot. at 9. Plaintiff counters that "he has asserted through his pleadings that there were 8 to 10 'unknown/unnamed' officers on March 12, 2016 that used excessive force against him." Opp'n at 16. Further, Plaintiff contends that Defendants are "attempting to omit the responsibility of these unnamed Defendants." *Id.* The Court finds that Plaintiff appropriately named Doe Defendants 1–25; however, the facts alleged against them are insufficient to state a claim.

Plaintiff's original complaint listed among the Defendants "Unknown Sheriff's Deputies and others," *see generally* ECF No. 1, and specified that he was "attacked by eight to ten officers." *See id.* at 2 ¶ V. Substituting "Doe Defendants" for "Unknown Sheriff's Deputies and others" undoubtedly refers to the same group of individuals. The Court therefore rejects Defendants Michalke, Lizarraga, and Shea's contention that inclusion of Does 1–25 is improper.

### D. *Leave to Amend*

Defendants Michalke, Lizarraga, Shea, and the County request that Plaintiff's causes of action against them be dismissed with prejudice. *See* 1st Mot. at 7–8, 9. Although courts generally take a liberal approach to amendment, particularly in cases prosecuted by *pro se* litigants, leave to amend is properly denied where amendment would be futile. *See, e.g.*, *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts."); *Davis v. Powell*, 901 F. Supp. 2d 1196, 1222 (S.D. Cal. 2012) ("Because [Plaintiff] could not plead any additional facts to cure the deficiencies in his pleadings and has already been given leave to amend, he should not be given further leave to amend his claims.").

The Court finds that Plaintiffs claims for battery by a peace officer, intentional infliction of emotional distress, and negligence should be dismissed. *See supra* Section I.B. Plaintiff has not previously pled these claims. *See generally* ECF Nos. 1, 15. Although the Court harbors serious reservations that Plaintiff can plead compliance with

14

18-CV-515 JLS (MDD)

the claim presentment requirement, due to Plaintiff's pro se status and Defendants' failure to establish prejudice or futility, the Court finds it appropriate to grant Plaintiff leave to amend. *Cf. United States v. Dang*, 488 F.3d 1135, 1142–3 (9th Cir. 2007) (finding that the district court did not abuse its discretion by allowing the plaintiff to file an amended complaint despite agreeing that "the [underlying] facts and theories . . . were available . . . since the inception of the action").

## II. The Second Motion

Defendants Racine and Snelling contend that they are no longer Parties to this action because "Plaintiff chose to omit them as defendants in the caption [of the Second Amended Complaint] and does not allege any specific fact or claim against them." 2nd Mot. at 5. Plaintiff contends that Defendants Racine and Snelling are still Parties because they were "in his Complaint and named within the context of DOES 1-25." 2nd Opp'n at 2.

### A. *Voluntary Dismissal of Defendants Racine and Snelling*

"While an amended complaint supersedes the original, it normally does so only with regard to the pleading's substance." *Barnes v. Sea Haw. Rafting, LLC*, 889 F.3d 517, 531 (9th Cir. 2018). "[A]ny claims voluntarily dismissed . . . will [be] consider[ed] . . . waived if not repled" in a subsequent complaint. *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc). The Ninth Circuit also has held that "claims dismissed without prejudice and not repleaded are . . . considered voluntarily dismissed." *Vien-Phuong Thi Ho v. ReconTrust Co., NA*, 858 F.3d 568, 577 (9th Cir. 2017) (internal quotation marks omitted).

Plaintiff expressly named Defendants Racine and Snelling in his First Amended Complaint. *See generally* ECF No. 15. But Defendants Racine and Snelling, and any facts concerning them, are conspicuously absent from Plaintiff's Second Amended Complaint. *See generally* ECF No. 32. Although Plaintiff claims that he "did include Defendants Kirsten Racine and Marc Snelling in the body of the SAC," *see* Not. of Errata at 2, this contention is disingenuous and belied by review of the Second Amended Complaint. Thus, / / /

15

18-CV-515 JLS (MDD)

advertently or not, Plaintiff appears to have voluntarily dismissed the claims against Defendants Snelling and Racine.

To the extent Plaintiff attempts to avoid this conclusion by claiming that Defendants Snelling and Racine are Doe Defendants, this argument is specious. It is clear that Plaintiff had learned the identity of Defendants Racine and Snelling prior to filing his First Amended Complaint, as he lists them separately in the caption. *See* ECF No. 15 at 1. In addition to Defendants Racine and Snelling, Plaintiff also lists "other Unknown Deputies" in the caption of the First Amended Complaint. *Id.* Defendants Racine and Snelling therefore were not among Plaintiff's "unknown officers."

The Court therefore agrees with Defendants Racine and Snelling that Plaintiff's omission of them from the Second Amended Complaint compels the conclusion that they are no longer parties to this action. *See Anderson v. Allstate Ins. Co.*, 630 F.2d 677, 683 (9th Cir. 1980) (finding that a named defendant could not be included in the Doe defendants because the named defendant was listed alongside Does 1 to 50). Consequently, the Court **GRANTS** Defendants Racine and Snelling's Second Motion and **DISMISSES WITHOUT PREJUDICE** Plaintiff's claims against them.

### *B. Leave to Amend*

Defendants Racine and Snelling request that Plaintiff's causes of action against them be dismissed with prejudice. *See* 2nd Reply at 3, 5–6. As noted above, although courts generally take a liberal approach to amendment, particularly in cases prosecuted by *pro se* litigants, leave to amend is properly denied where amendment would be futile. *See, e.g.*, *Lopez*, 203 F.3d at 1127; *Davis*, 901 F. Supp. 2d at 1222.

Defendants claim that "[e]ven if the Court were to allow Plaintiff leave to file a third amended complaint, it is highly unlikely that Plaintiff will be able to allege that Detective Snelling and Deputy Racine violated his constitutional rights." Reply at 3. "[H]ighly unlikely," however, does not equate futility. Further, the Court concludes that Plaintiff adequately has alleged violation of his constitutional rights against Defendants Michalke, Lizarraga, and Shea. *See supra* Section I.A. Consequently, the Court finds it appropriate

to grant Plaintiff leave to amend. *See Shehee v. Nguyen*, No. 1:14-cv-01154 RRB, 2015 WL 3843276, at *3 (E.D. Cal. Jun 19, 2015) (granting leave to amend despite finding that plaintiff's ability to plead sufficient facts was "highly unlikely"); *see also White v. Sherman*, No. 1:14-cv-01971 RRB, 2015 WL 1995903, at *4 (E.D. Cal. May 1, 2015) (same).

## CONCLUSION

In light of the foregoing, the Court **GRANTS IN PART AND DENIES IN PART** Defendants' Motions (ECF Nos. 34, 46). Specifically, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's state law causes of action and all causes of action against Defendants Racine and Snelling; Defendants' Motions are otherwise **DENIED**. Plaintiff **MAY FILE** an amended complaint within thirty (30) days of the electronic docketing of this Order. Should Plaintiff elect not to file an amended complaint, this action will proceed on his surviving causes of action. Should Plaintiff choose to file a Third Amended Complaint, it must cure the deficiencies noted herein and must be complete in itself without reference to his prior complaints. *See* S.D. Cal. CivLR 15.1. Any claims not re-alleged in the amended complaint will be considered waived. *See Lacey*, 693 F.3d at 925, 928.

**IT IS SO ORDERED.**

Dated: August 16, 2019

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge