UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLARD RICHARD STROUD, JR.,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>SHERIFF WILLIAM D. GORE, et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 18-CV-515 JLS (MDD)<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION**<br><br>(ECF No. 108) |

Presently before the Court is Defendants Sergeant Paul Michalke, Detective Benjamin Shea, and Sergeant Jesus Lizarraga's (collectively, the "Deputy Defendants") Motion for Reconsideration ("Mot.," ECF No. 108). Plaintiff Willard Stroud, appearing pro se, did not file an opposition to the instant Motion. The Court vacated the hearing and took the Motion under submission without oral argument pursuant to Civil Local Rule 7.1(d)(1). *See* ECF No. 108. Having considered the Parties' arguments and the law, the Court **DENIES** the Deputy Defendants' Motion.

## BACKGROUND

The Parties and this Court are intimately familiar with the facts of this long-enduring matter, and accordingly the Court incorporates by reference the factual background as

/ / /

detailed in the Court's March 21, 2022 Order, *see* ECF No. 105 at 2–11.  Thus, the Court will only set forth here the procedural history relevant to this Motion.

On May 19, 2021, the Deputy Defendants filed a Motion for Summary Judgment. *See* ECF No. 86 ("MSJ").  Plaintiff failed to timely oppose, *see* ECF No. 93, but filed a late Opposition, *see* ECF No. 101.  The Deputy Defendants filed their Reply, *see* ECF No. 103, and the Court accepted the late-filed Opposition and the Reply and took the matter under submission, *see* ECF No. 104.  Thereafter, this Court granted in part and denied in part the Deputy Defendants' Motion for Summary Judgment.  *See* ECF No. 105 (the "Order").  Specifically, the Court granted the Deputy Defendants' Motion as to Plaintiff's claim for excessive force as to Sergeant Michalke; Plaintiff's fourth cause of action for unreasonable seizure of his phone; and Plaintiff's fifth cause of action for unreasonable search of his person, belongings, and vehicle.  *See id.* at 37.  The Court denied the Deputy Defendants' Motion as to Plaintiff's claim for excessive force as to Deputies Shea and Lizarraga and Plaintiff's claim for retaliation in its entirety.  *See id*.  The Deputy Defendants subsequently filed the instant Motion.  *See* ECF No. 108.

## LEGAL STANDARD

In the Southern District of California, a party may apply for reconsideration "[w]henever any motion or any application or petition for any order or other relief has been made to any judge and has been refused in whole or in part."  S.D. Cal. CivLR 7.1(i)(1). The moving party must provide an affidavit setting forth, *inter alia*, "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application."  *Id.*  "In resolving motions for reconsideration, courts often look to the standard for relief from final judgment set forth in Federal Rules of Civil Procedure 59(e) and 60(b), which apply to motions for reconsideration of final appealable orders and relief from judgment."  *Evanston Ins. Co. v. Venture Point, LLC*, No. 220CV01783KJDEJY, 2021 WL 5500486, at *1 (D. Nev. Nov. 23, 2021).

"A district court may grant a Rule 59(e) motion if it 'is presented with newly discovered evidence, committed *clear error*, or if there is an intervening change in the

controlling law.'" *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014) (internal quotation marks omitted) (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (en banc)) (emphasis in original). "Clear error or manifest injustice occurs when 'the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed.'" *Young v. Wolfe,* CV 07-03190 RSWL-AJWx, 2017 WL 2798497, at *5 (C.D. Cal. June 27, 2017) (quoting *Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013)). "As the Ninth Circuit has explained the clear error standard, '[t]o be clearly erroneous, a decision must strike us as more than just maybe or probably wrong; it must, as one member of this court recently stated during oral argument, strike us as wrong with the force of a five-week old, unrefrigerated dead fish.'" *Stanislaus Food Prod. Co. v. USS-POSCO Indus.*, No. 1:09-CV-00560-LJO, 2012 WL 6160468, at *3 n.2 (E.D. Cal. Dec. 11, 2012) (quoting *Fisher v. Roe*, 263 F.3d 906, 912 (9th Cir. 2001), *overruled on other grounds by Payton v. Woodford*, 346 F.3d 1204 (9th Cir. 2002)).

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Ultimately, whether to grant or deny a motion for reconsideration is in the "sound discretion" of the district court. *Navajo Nation v. Norris*, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing *Kona Enters.*, 229 F.3d at 883). A party may not raise new arguments or present new evidence if it could have reasonably raised them earlier. *Kona Enters.*, 229 F.3d at 890 (citing *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

## ANALYSIS

The Deputy Defendants ask the Court to reconsider its March 21, 2022 Order to the extent it denied the Deputy Defendants' Motion for Summary Judgment as to Plaintiff's First Amendment retaliation claim. *See generally* Mot. The Deputy Defendants contend that the Court committed clear error by (1) finding that the timing of the speech and alleged retaliatory conduct could constitute circumstantial evidence of subjective intent and (2)

///

denying qualified immunity to the Deputy Defendants. *Id.* at 2. Plaintiff, appearing pro se, did not file an opposition to the Deputy Defendants' Motion.

In their Motion, however, the Deputy Defendants raise "the same arguments, facts[,] and case law" that this Court already considered; accordingly, the Deputy Defendants raise insufficient grounds to grant reconsideration. *See Wargnier v. Nat'l City Mortg. Inc.*, No. 09cv2721-GPC-BGS, 2013 WL 3810592, at *2 (S.D. Cal. July 22, 2013) (denying motion for reconsideration where the motion reflected the same arguments, facts, and case law that were previously considered and ruled upon by the court). "A motion for reconsideration is not an opportunity to renew arguments considered and rejected by the court, nor is it an opportunity for a party to re-argue a motion because it is dissatisfied with the original outcome." *See FTC v. Neovi, Inc.*, No. 06-CV-1952-JLS JMA, 2009 WL 56130, at *2 (S.D. Cal. Jan. 7, 2009) (quoting *Devinsky v. Kingsford*, No. 05 Civ.2064(PAC), 2008 WL 2704338, at *2 (S.D.N.Y. 2008)), *aff'd*, 604 F.3d 1150 (9th Cir. 2010). Consequently, the Deputy Defendants have failed to establish that they are entitled to reconsideration of the Court's Order on the identified issues.

Furthermore, considering the relevant Ninth Circuit authority, the Court does not find that denying summary judgment as to the retaliation claim gives rise to "the definite and firm conviction that a mistake has been committed." *Young*, 2017 WL 2798497, at *5 (citation and internal quotation marks omitted). First, the Deputy Defendants argue that Plaintiff's speculation that the Deputy Defendants acted out of retaliation is not sufficient evidence to be cognizable on summary judgment. Mot. at 3–4 (citing *Wood v. Yordy*, 753 F.3d 899, 905 (9th Cir. 2014); *Carmen v. S.F. Unified Sch. Dist.*, 237 F.3d 1026, 1028 (9th Cir. 2001)). The Deputy Defendants further argue that "Ninth Circuit jurisprudence is clear that circumstantial evidence of timing alone is not enough to prove retaliatory intent." Mot. at 4 (citing *Pratt v. Rowland*, 65 F.3d 802, 804 (9th Cir. 1995)).

The Court respectfully disagrees with the Deputy Defendants. The Ninth Circuit has stated that "a plaintiff create[s] a genuine issue of material fact where he produce[s] additional evidence that the 'proximity in time between the protected action and the

allegedly retaliatory [arrest]' [is such that] a 'jury logically could infer [that the plaintiff] was [arrested] in retaliation for his speech.'" *Keyser v. Sacramento City Unified Sch. Dist.*, 265 F.3d 741, 744 (9th Cir. 2001) (quoting *Schwartzman v. Valenzuela*, 846 F.2d 1209, 1212 (9th Cir. 1988)). The Deputy Defendants contend that Plaintiff does not have the "additional evidence" needed to establish a genuine issue of material fact, Mot. at 5; yet, the "additional evidence" referred to in *Schwartzman* was simply evidence that the defendants were aware of the plaintiff's speech, 846 F.2d at 1212. Here, although the specific facts are heavily disputed, it is uncontested that the Deputy Defendants were aware of Plaintiff's speech. *See* ECF 105 at 4–6.

Likewise, in its Order, this Court correctly noted that "timing can properly be considered as circumstantial evidence of retaliatory intent." *Pratt*, 65 F.3d at 808 (citing *Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1316 (9th Cir. 1989)). In *Pratt*, circumstantial evidence of timing was not enough to prove retaliatory intent because, "most importantly, there [was] insufficient evidence to support . . . the finding that [the] officials . . . were actually aware of the [speech]." *Id.* Here, the Deputy Defendants' awareness of Plaintiff's speech could suffice as the "additional evidence" needed to create a genuine issue of material fact regarding the timing of the speech and alleged retaliatory conduct. *See Keyser*, 265 F.3d at 744. Accordingly, as the Court previously found, drawing all reasonable inferences in Plaintiff's favor and viewing the evidence in the light most favorable to him, a jury could reasonably infer that the Deputy Defendants went "hands on" and ultimately arrested, searched, and charged Plaintiff in retaliation for his refusal to comply with their requests rather than to prevent the introduction of contraband into a detention facility or for the alleged commission of the crimes of public intoxication and/or resisting arrest. *See Beck v. City of Upland*, 527 F.3d 853, 868 (9th Cir. 2008). And while the Deputy Defendants make much of their search operation and their alleged intent to search Plaintiff before he engaged in protected speech, *see* Mot. at 7, an argument already raised and rejected, *see* MSJ at 19; Order at 36, the fact remains that a jury could plausibly conclude that Plaintiff's exercise of his constitutional rights motivated the Deputy

Defendants to use force they otherwise would not have in effecting that search and subsequently arresting Plaintiff. Accordingly, the Court finds that it was neither clearly erroneous nor manifestly unjust to deny summary judgment as to the retaliation claim.

Second, the Deputy Defendants argue that even if Plaintiff did adduce sufficient evidence to withstand summary judgment, the Deputy Defendants are entitled to qualified immunity because no clearly established case law provided notice that their conduct in this context was unlawful. Mot. at 10 (citing *Shay v. City of Huntington Beach*, 816 F. App'x 47, 50 (9th Cir. 2020)). The Deputy Defendants contend that the particular facts of the two cases cited by the Court do not put the Deputy Defendants on notice of a First Amendment violation. *Id.* at 9 (citing *Gasho v. United States*, 39 F.3d 1420, 1425–27 (9th Cir. 1994); *Duran v. City of Douglas, Ariz.*, 904 F.2d 1372, 1374 (9th Cir. 1990)). The Deputy Defendants argue that *Gasho* and *Duran* are not controlling because in both cases the alleged retaliatory conduct occurred in public where the officers were required to have probable cause to search; yet here, the alleged retaliatory conduct occurred on the private grounds of a detention facility in which all visitors entering the grounds are made aware that they are subject to administrative searches while on the property. *Id.* The Deputy Defendants ultimately contend that, "to defeat qualified immunity, Plaintiff must set forth a case where officers initially acting pursuant to the administrative search exception, and conducting a pre-planned investigation, subjectively violated Plaintiff's First Amendment rights, when Plaintiff's exercise of those rights consisted of a refusal to be searched." *Id.* at 9–10.

The Court disagrees with the Deputy Defendants. The argument that *Gasho* and *Duran* fail to provide notice of a constitutional violation is unavailing. *See* Mot. at 9. The issue here is not whether the Deputy Defendants are entitled to qualified immunity as to the administrative search, but whether they are entitled to qualified immunity for going "hands on" and ultimately arresting Plaintiff in response to his denial of consent to the deputies' search. *See* ECF No. 63 ("Pl.'s 3d Am. Compl.") ¶¶ 80, 84, 87. Although no case law existed at the time that instructed the deputies that Plaintiff should be allowed to

leave the facility prior to being searched, *Cates v. Stroud*, 976 F.3d 972, 984 (9th Cir. 2020), the Court has correctly noted that "[i]t is clearly established that a person's Fourth Amendment rights are violated if the sole basis for his arrest is his challenge to the officer's authority absent a warrant." *Gasho*, 39 F.3d at 1439. The deputies should have been aware of the clearly established law that "probable cause is obviously lacking when the arrest is motived purely by a desire to retaliate against a person who verbally challenges the authority to effect a seizure or arrest." *Id.* at 1438. Here, the Deputy Defendants forcibly seized and arrested Plaintiff for public intoxication and resisting or obstructing a peace officer after Plaintiff refused to consent to the search. *See* Order at 8. That the Deputy Defendants did not conduct any sobriety tests of Plaintiff after Plaintiff contends that he asked the deputies for a field sobriety test or a "toxicology examination" further supports an inference that the arrest may have been retaliatory and pretextual. *Id.* Thus, as noted in the Order, the Court finds that a reasonable jury could conclude that the Deputy Defendants went "hands on" and ultimately arrested Plaintiff in retaliation for his constitutionally protected refusal to comply with their commands. *Id.* at 36. Accordingly, the Court finds that its ruling that the Deputy Defendants are not entitled to qualified immunity as a matter of law on Plaintiff's retaliation claim was neither clearly erroneous nor manifestly unjust.

## CONCLUSION

In light of the foregoing, the Court **DENIES** the Deputy Defendants' Motion for Reconsideration (ECF No. 108). The Court will issue separate rulings on the Deputy Defendants' Supplemental Motion for Summary Judgment (ECF No. 109) and Plaintiff's Motion to Extend Time and Request Court Appointed Attorney (ECF No. 110) in due course.

**IT IS SO ORDERED.**

Dated: June 16, 2022

Hon. Janis L. Sammartino
United States District Judge