UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLARD RICHARD STROUD, JR., <br><br>                                Plaintiff, <br><br> v. <br><br><br> SHERIFF WILLIAM D. GORE, et al., <br><br>                                Defendants. | Case No.: 18-CV-515 JLS (MDD) <br><br> **ORDER GRANTING DEFENDANTS' SUPPLEMENTAL MOTION FOR SUMMARY JUDGMENT** <br><br> (ECF No. 109) |

Presently before the Court is Defendants Sergeant Paul Michalke, Detective Benjamin Shea, and Detective Jesus Lizarraga's (collectively, the "Deputy Defendants") Supplemental Motion for Summary Judgment or, in the Alternative, Partial Summary Judgment ("Mot.," ECF No. 109). Plaintiff Willard Richard Stroud, Jr., appearing pro se, did not file an opposition to the instant motion; however, he did oppose the Deputy Defendants' original Motion for Summary Judgment ("MSJ," ECF No. 86) and argued against the Court granting summary judgment in favor of the Deputy Defendants on his false arrest claim. *See generally* ECF No. 101 ("Opp'n"). The Court vacated the hearing and took the Motion under submission without oral argument pursuant to Civil Local Rule 7.1(d)(1). *See* ECF No. 105. Having considered the Parties' arguments, the evidence, and the law, the Court **GRANTS** the Deputy Defendants' Motion for the reasons that follow.

1

# BACKGROUND

Given the Parties' and this Court's familiarity with the facts of this case, the Court incorporates by reference the Background section from the Court's March 21, 2022 Order. *See* ECF No. 105 ("Order") at 2–11.  Thus, the Court will set forth only the relevant facts and background that were unavailable or unknown at the time the Order issued.

On May 19, 2021, the Deputy Defendants filed their MSJ.  *See* MSJ.  In his Opposition, Plaintiff disputed that the Deputy Defendants were entitled to summary judgment as to his false arrest claim.  *See* Opp'n at 13–24.  In their Reply, the Deputy Defendants argued that Plaintiff did not assert a claim for false arrest.  *See* ECF No. 103 ("Reply") at 3–5.  The Court found that, while Plaintiff's pro se Third Amended Complaint ("TAC," ECF No. 63) is not a model of clarity, it did purport to state a claim for "Unreasonable Seizure of Person."  Order at 26.  Given the reasonable "confusion as to the scope of Plaintiff's first cause of action," however, the Court granted the Deputy Defendants leave to file a supplemental motion for summary judgment on this limited ground.  *Id.* at 27 n.8.  The instant Motion followed.

The Deputy Defendants' Motion incorporates by reference the factual background from their MSJ, *see* Mot. at 1–2, and largely relies on the evidence provided in support of the MSJ, *see generally id.*  The Declaration of Defendant Sergeant Paul Michalke in Support of Supplemental Motion for Summary Judgment ("Supp. Michalke Decl.," ECF No. 109-1) provides some additional evidentiary support concerning the March 12, 2016 enforcement operation in the form of an apparently contemporaneous "Operational Plan." *See* Supp. Michalke Decl. ¶ 5; *see also id.* Ex. A ("Operational Plan").  Sergeant Michalke also declares that "[he] was not involved in the decision to place Plaintiff under arrest. [He] was initially involved in the decision to detain Plaintiff after he attempted to walk away from [the deputies].  However, within seconds Deputy Shea and Deputy Lizarraga took over the contact for [Sergeant Michalke]," at which point "[Sergeant Michalke] focused [his] attention on other people in the parking lot."  *Id.* ¶ 6.

///

# LEGAL STANDARDS

## I. Summary Judgment

Under Federal Rule of Civil Procedure 56(a), a party may move for summary judgment as to a claim or defense or part of a claim or defense. Summary judgment is appropriate where the Court is satisfied that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Material facts are those that may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine dispute of material fact exists only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* When the Court considers the evidence presented by the parties, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255.

The initial burden of establishing the absence of a genuine issue of material fact falls on the moving party. *Celotex*, 477 U.S. at 323. The moving party may meet this burden by identifying the "portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,'" that show an absence of dispute regarding a material fact. *Id.* Once the moving party satisfies this initial burden, the nonmoving party must identify specific facts showing that there is a genuine dispute for trial. *Id.* at 324. This requires "more than simply show[ing] that there is some doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, to survive summary judgment, the nonmoving party must "by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts'" that would allow a reasonable fact finder to return a verdict for the non-moving party. *Celotex*, 477 U.S. at 324; *Anderson*, 477 U.S. at 248. The non-moving party cannot oppose a properly supported summary judgment motion by "rest[ing] on mere allegations or denials of his pleadings." *Anderson,* 477 U.S. at 256.

/ / /

/ / /

## II. Qualified Immunity

"In determining whether an officer is entitled to qualified immunity, [courts] consider (1) whether there has been a violation of a constitutional right, and (2) whether that right was clearly established at the time of the officer's alleged misconduct." *Lal v. California*, 746 F.3d 1112, 1116 (9th Cir. 2014) (citing *Pearson v. Callahan*, 555 U.S. 223, 232 (2009)). Courts may "exercise sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Pearson*, 555 U.S. at 236. If either prong is dispositive, the court need not analyze the other prong. *See id.* at 236–37.

A right is clearly established if the law was "sufficiently clear that every reasonable official would understand that what he is doing" is unlawful. *District of Columbia v. Wesby*, 138 S. Ct. 577, 589 (2018) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011)) (internal quotation marks omitted). "We do not require a case directly on point, but existing precedent must have placed the statutory or constitutional question beyond debate." *al-Kidd*, 563 U.S. at 741. "Except in the rare case of an 'obvious' instance of constitutional misconduct," a plaintiff must identify a controlling case existing at the time of the incident where an officer acting under similar circumstances as the defendants was held to have violated the constitutional right at issue. See *Sharp v. Cnty. of Orange*, 871 F.3d 901, 911 (9th Cir. 2017) (quoting *White v. Pauly*, 137 S. Ct. 548, 552 (2017)). The Ninth Circuit has held that "the 'obviousness principle, an exception to the specific-case requirement, is especially problematic in the Fourth-Amendment context,'" and "thus has 'real limits when it comes to the Fourth Amendment.'" *O'Doan v. Sanford*, 991 F.3d 1027, 1044 (9th Cir. 2021) (quoting *Sharp*, 871 F.3d at 912).

## ANALYSIS

The Deputy Defendants argue that they "are immune from liability for the arrest of Plaintiff . . . for violating California Penal Code section ("PC") 148(a)(1) (resisting arrest)." Mot. at 1. First, they argue that "the undisputed facts . . . show that [Sergeant Michalke] had no involvement in the decision to arrest Plaintiff," and accordingly he is entitled to

summary judgment in his favor on this claim. *Id.* Second, as to Deputies Shea and Lizarraga, they claim that "[they] reasonably believed that Plaintiff was obstructing their ability to lawfully perform their duties in searching as many visitors as possible before entering the George Bailey Detention Facility ("GBDF")." *Id.* Because "no case law placed the Deputy Defendants on notice that Plaintiff's arrest, after he refused to cooperate in a lawful administrative search while on detention facility grounds, was not reasonable," they are entitled to qualified immunity. *Id.*

The Court addresses each argument in turn.

## I. Sergeant Michalke

As an initial matter, the Deputy Defendants contend that Sergeant Michalke was not personally involved in the decision to place Plaintiff under arrest; accordingly, he cannot be liable for Plaintiff's allegedly unlawful arrest. Mot. at 8. The Court previously found that Plaintiff failed to raise an issue of material fact as to Sergeant Michalke's personal participation in Plaintiff's arrest. *See* Order at 28. Although Sergeant Michalke grabbed Plaintiff's arm to escort him to a nearby vehicle to effectuate the search of his person, Deputy Shea took over for him "[w]ithin seconds." Declaration of Defendant Sergeant Paul Michalke ("Michalke Decl.," ECF No. 86-2) ¶ 9. Sergeant Michalke had no further involvement in the detention and eventual arrest of Plaintiff, instead "focus[ing] his attention on other people in the parking lot . . . to prevent any other potential threats to [the deputies'] safety and to direct other visitors away from the area." Supp. Michalke Decl. ¶ 6. Plaintiff presents no evidence to the contrary. *See generally* Opp'n. Accordingly, the Court finds that, as a matter of law, Sergeant Michalke is not liable for false arrest based on his personal participation in Plaintiff's arrest.

Moreover, to the extent that Plaintiff seeks to hold Sergeant Michalke liable based on his failure to intercede in Plaintiff's arrest by others, the Deputy Defendants argue that no case law at the time of the complained of acts established when an officer has a realistic opportunity to intercede. Mot. at 10 (citing *Penaloza v. City of Rialto*, 836 F. App'x 547, 549 (9th Cir. 2020)). The Court agrees that, to the extent Plaintiff asserts an unlawful arrest

claim against Sergeant Michalke for failure to intercede, Sergeant Michalke is entitled to qualified immunity. Accordingly, the Court **GRANTS** the Deputy Defendants' Motion as to Sergeant Michalke.

## II.     Deputies Shea and Lizarraga

### A.     Constitutional Violation: Unlawful Arrest

"In order to satisfy the requirements of the Fourth Amendment, an arrest must be supported by probable cause to believe that the arrestee has committed a crime." *Allen v. City of Portland*, 73 F.3d 232, 236 (9th Cir. 1995), *as amended* (Jan. 17, 1996) (citing *Henry v. United States*, 361 U.S. 98, 102 (1959)). "In determining whether there was probable cause to arrest, we look to 'the totality of circumstances known to the arresting officers, [to determine if] a prudent person would have concluded there was a fair probability that [the defendant] had committed a crime.'" *Crowe v. Cnty. of San Diego*, 608 F.3d 406, 432 (9th Cir. 2010) (citing *United States v. Smith*, 790 F.2d 789, 792 (9th Cir. 1986)). "The analysis involves both facts and law. The facts are those that were known to the officer at the time of the arrest. The law is the criminal statute to which those facts apply." *Rosenbaum v. Washoe Cnty.*, 663 F.3d 1071, 1076 (9th Cir. 2011). "'[I]n a § 1983 action the factual matters underlying the judgment of reasonableness generally mean that probable cause is a question for the jury, and summary judgment is appropriate only if no reasonable jury could find that the officers did or did not have probable cause to arrest.'" *Orr v. Cal. Highway Patrol*, No. CIV. 2:14-585 WBS, 2015 WL 848553, at *5 (E.D. Cal. Feb. 26, 2015) (quoting *McKenzie v. Lamb*, 738 F.2d 1005, 1008 (9th Cir. 1984)).

Plaintiff was arrested for resisting or obstructing an officer in violation of PC 148(a)(1).[1] Defendants' Statement of Undisputed Facts in Support of Motion for Summary Judgment ("SUF," ECF No. 86-7) ¶ 30. "The elements of the asserted crime . . . are: '(1)

---

[1] The Deputy Defendants' Motion does not argue that the Deputy Defendants are entitled to summary judgment to the extent Plaintiff was also arrested for public intoxication in violation of California Penal Code § 647(f), and accordingly the Court does not address that alternative basis for liability.

the defendant willfully resisted, delayed, or obstructed a peace officer, (2) when the officer was engaged in the performance of his or her duties, and (3) the defendant knew or reasonably should have known that the other person was a peace officer engaged in the performance of his or her duties.'" *Velazquez v. City of Long Beach*, 793 F.3d 1010, 1018 (9th Cir. 2015) (quoting *Garcia v. Superior Court*, 177 Cal. App. 4th 803, 818 (2009)). "Notably, '[f]or a § 148(a)(1) conviction to be valid, a criminal defendant must have "resist[ed], delay[ed], or obstruct[ed]" a police officer in the *lawful* exercise of his duties.'" *Id.* (quoting *Smith v. City of Hemet*, 394 F.3d 689, 695 (9th Cir. 2005) (en banc) (alterations and emphasis in original)). "[F]or the purposes of Section 148(a), 'an officer is not lawfully performing her duties when she detains an individual without reasonable suspicion or arrests an individual without probable cause.'" *Id.* at 1019 (quoting *Garcia,* 177 Cal. App. 4th at 819).

Here, the Deputy Defendants contend that they had probable cause to arrest Plaintiff for violating PC 148(a)(1) because they could have reasonably believed that Plaintiff obstructed their enforcement operation on the detention facility grounds. Mot. at 5. The Deputy Defendants concede that "Plaintiff's refusal to cooperate with the Deputy Defendants[] may not have risen to the level of probable cause for an arrest under PC 148 in a public area," *id.* at 6; however, they argue that, because Plaintiff was on the grounds of a secure detention facility, the Deputy Defendants reasonably believed there was probable cause to arrest Plaintiff for obstructing their administrative search to intercept contraband, *see id*.

Specifically, the Deputy Defendants contend that Sheriff's Deputies previously had identified a problem with contraband entering GBDF and, on the day in question, the Detentions Investigation Unit was conducting a lawful enforcement operation in the GBDF parking lot, seeking to contact as many visitors as possible before they entered the facility's lobby to ensure they were not in possession of contraband. Mot. at 6 (citing SUF ¶¶ 5–8; Supp. Michalke Decl. Ex. A). During the enforcement operation, deputies were also checking that visitors did not have prior prison sentences that would preclude their visit

pursuant to California Penal Code § 4571. SUF ¶ 8. During the incident, the Deputy Defendants were wearing vests that clearly identified them as Sheriff's Deputies, and Plaintiff was aware of the Deputy Defendants' affiliation. Mot. at 6 (citing SUF ¶ 6). Upon questioning by the Deputy Defendants, Plaintiff disclosed that he had a criminal history of "street crimes." *Id.* (citing SUF ¶ 14). Further, Plaintiff admits that he stated he did not wish to be searched. *Id.* (citing SUF ¶¶ 15–16). The Deputy Defendants contend that "most visitors were willing to cooperate with the operation"; "[t]hus, Plaintiff's actions were abnormal." *Id.* at 7 (citing SUF ¶ 17). Plaintiff's refusal to submit to a search "was especially odd considering that multiple signs warned Plaintiff that he would be subject to search upon entering the parking lot." *Id.* (citing SUF ¶ 4). "Regardless of whether Plaintiff was actually carrying contraband into the facility, his reaction to the deputies prevented Deputies Shea and Lizarraga from being able to apprehend potential contraband, thereby delaying and obstructing a lawful operation." *Id.* "Consequently, it was reasonable for Deputies Shea and Lizarraga to believe that they had probable cause to arrest Plaintiff for violating PC 148." *Id.* (footnote omitted).

As the Court noted in its prior Order, however, many of the facts surrounding Plaintiff's detention and arrest are disputed, and this Court must construe the facts in the light most favorable to Plaintiff, the nonmovant. "Where the facts or circumstances surrounding an individual's arrest are disputed, the existence of probable cause is a question for the jury." *Harper v. City of Los Angeles,* 533 F.3d 1010, 1022 (9th Cir. 2008) (citing *McKenzie*, 738 F.2d at 1008). Such is the case here. For example, according to Plaintiff, the Deputy Defendants told Plaintiff that they were going to search him and his car, but Plaintiff declined to be searched and indicated that he did not want to proceed with his visit. *See* Defendants' Notice of Lodgment in Support of Motion for Summary Judgment Ex. A (ECF No. 86-6) at 68:21–23; Plaintiff's Notice of Lodgment in Opposition to Motion for Summary Judgment (ECF No. 101) Ex. C (Declaration of Plaintiff Willard Richard Stroud Jr. ("Pl. Decl.")) ¶¶ 5–6. "[W]ithin 3 seconds Deputy Defendants went hands on." Pl. Decl. ¶ 6. "Thus, [Plaintiff] did not have the opportunity to comply or

refuse to comply with their orders." *Arias v. Amador*, 61 F. Supp. 3d 960, 973 (E.D. Cal. 2014). Accordingly, viewing the evidence and drawing all inferences in the light most favorable to Plaintiff, a jury could find that there was not probable cause to arrest Plaintiff for a violation of PC 148(a)(1) because a jury could find that Plaintiff was only guilty of declining to be searched, and, "[u]nder California law, the fact that someone verbally challenges a police officer's authority or is slow to comply with orders does not mean that they have delayed an investigation." *Id.* at 971 (citing *People v. Quiroga*, 16 Cal. App. 4th 961, 966 (1993)); *see also Rios v. City of San Diego*, No. 13-CV-3004 JLS (DHB), 2015 WL 12513462, at *8 (S.D. Cal. Oct. 13, 2015) ("Furthermore, '[i]t is well established under California law that even "an outright refusal to cooperate with police officers cannot create adequate grounds for [police] intrusion" without more.'" (quoting *Mackinney v. Nielsen*, 69 F.3d 1002, 1006 (9th Cir. 1995)). Accordingly, a reasonable jury could conclude that Deputies Shea and Lizarraga violated Plaintiff's Fourth Amendment rights by arresting him for violation of PC 148 without probable cause.

### B.   Clearly Established Law

This does not conclude the Court's analysis, however, as Deputies Shea and Lizarraga contend that they are entitled to qualified immunity because there was no clearly established law at the time of Plaintiff's arrest placing them on notice that arresting Plaintiff for violating PC 148 violated Plaintiff's Fourth Amendment rights. Mot. at 9. "To the contrary, *Cates v. Stroud*, the case most particularized to the facts of this case, states that prior to 2016 no cases existed to instruct deputies that a prison visitor must be allowed to leave the prison grounds before being searched." *Id.* at 10 (citing 976 F.3d 972, 985 (9th Cir. 2020)). The Deputy Defendants contend that, "[w]hile other cases may generally discuss the requirements for probable cause, to be particularized to the facts of the present case, any case placing deputies on notice must involve lawful administrative searches and a Plaintiff who, despite being on notice of such searches, refused to cooperate in a lawful administrative search, and was subsequently placed under arrest for violating PC 148 as a result of refusing to cooperate in that operation." *Id.* The Deputy Defendants argue that,

should Plaintiff fail to meet his burden to point to such a case, "Defendants are immune from liability." *Id.*

"[T]he question in determining whether qualified immunity applies is whether all reasonable officers would agree that there was no probable cause in this instance." *Rosenbaum v. Washoe Cnty.*, 663 F.3d 1071, 1078 (9th Cir. 2011) (citation and footnote omitted). In other words, "*an officer is entitled to qualified immunity whenever, on facts not subject to genuine dispute, it is clear that whether probable cause existed was a close question.*" *Flynn v. City of Santa Clara*, 388 F. Supp. 3d 1158, 1169 (N.D. Cal. 2019) (emphasis in original) (citation and internal quotation marks omitted). While the Court finds *Cates* to be of limited relevance to Plaintiff's unlawful arrest claim, given that no arrest was at issue in *Cates*, the Court ultimately agrees that Plaintiff has failed to satisfy his burden of pointing to controlling authority that would have put the Deputy Defendants on notice that their conduct violated Plaintiff's constitutional rights. The Court cannot conclude, on the facts before it, that all reasonable officers would agree that there was no probable cause. Because the probable cause determination here is a close question, the Court concludes that Deputies Shea and Lizarraga are entitled to qualified immunity on Plaintiff's false arrest claim.

## CONCLUSION

In light of the foregoing, the Court **GRANTS** the Deputy Defendants' Supplemental Motion for Summary Judgment (ECF No. 109). The Court will issue a separate ruling on Plaintiff's pending motion to appoint counsel (ECF No. 110) in due course.

**IT IS SO ORDERED.**

Dated: September 22, 2022

Hon. Janis L. Sammartino
United States District Judge