UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLARD RICHARD STROUD, JR.,<br><br>  Plaintiff,<br><br>v.<br><br>SHERIFF WILLIAM D. GORE, et al.,<br><br>  Defendants. | Case No.: 18-CV-515-JLS (MDD)<br><br>**ORDER APPROVING APPLICATION FOR REIMBURSEMENT OF EXPENSES PURSUANT TO CIVIL LOCAL RULE 83.8(a)(2)**<br><br>(ECF No. 139) |

Presently before the Court is the Application for Reimbursement of Expenses Pursuant to Civil Local Rule 83.8(a)(2) of Plaintiff Willard Richard Stroud, Jr.'s ("Plaintiff" or "Mr. Stroud") Court-appointed pro bono counsel, Joseph Barbarie ("Appl.," ECF No. 139).

On October 13, 2022, this Court appointed Mr. Barbarie, a member of this District's Pro Bono Panel, to represent Plaintiff. *See* ECF No. 119; Declaration of Joseph Barbarie ("Barbarie Decl.," ECF No. 139-1) ¶ 2. Thereafter, Mr. Barbarie prepared a trial brief, pretrial disclosures, and a joint proposed pretrial order; attended and participated in the January 12, 2023 Final Pretrial Conference; prepared a settlement brief; and attended and participated in a successful February 17, 2023 Mandatory Settlement Conference before Magistrate Judge Mitchell D. Dembin. *See* ECF Nos. 123, 125, 130, 131, 132, 133. Mr.

Barbarie now seeks reimbursement of out-of-pocket expenses incurred in the representation totaling $1,126.50.  *See* Appl. at 1.  That figure represents Mr. Barbarie's half of the cost for a transcript of a criminal trial in which Mr. Stroud was the defendant that involved the same nucleus of facts underlying the instant civil rights action.  *See* Barbarie Decl. ¶¶ 3–4.  Mr. Barbarie and the Office of County Counsel agreed to split this cost.  *See id.* ¶ 4; *id.* Exs. A–C.  In Plaintiff's pretrial disclosures, Mr. Barbarie listed the trial transcript as an exhibit he planned to offer at trial in this matter.  *See* ECF No. 125 at 2.

Civil Local Rule 83.8(a)(2)(a) permits, upon application and approval by the Court, "reimbursement of out-of-pocket expenses, necessarily incurred by court-appointed attorneys representing indigents pro bono in civil cases not covered by the Criminal Justice Act."  Civil Local Rule 93.8(a)(2)(a) specifically contemplates that such out-of-pocket expenses may include costs that are recoverable by a prevailing party.  *See id.*  Courts in other civil rights actions have found the cost of the transcript from the underlying criminal trial reasonably necessary and hence recoverable if, for instance, the transcript was relied upon in summary judgment.  *See, e.g.*, *Dickerson v. City of Portland*, No. 3:19-CV-01126-SB, 2021 WL 408091, at *2–3 (D. Or. Feb. 5, 2021) (finding cost of transcripts of the plaintiff's criminal trial recoverable by prevailing parties in civil rights action when transcript was cited in summary judgment briefing); *Huerta v. Cnty. of Tulare*, No. 1:17-CV-01446-EPG, 2022 WL 1093582, at *12 (E.D. Cal. Apr. 12, 2022) (awarding as part of civil contempt sanction reduced criminal trial transcript costs "that defense counsel would have ordered . . . in any event given the connection to the pending civil case," a section 1983 excessive force action).

Here, it appears the cost of obtaining the transcript from Mr. Stroud's criminal trial was necessarily incurred given the factual connection between the criminal trial and the instant civil rights action and the fact that Mr. Barbarie designated the transcript as a potential trial exhibit.  *See* Barbarie Decl. ¶ 4; ECF No. 125 at 2.  That the Office of County Counsel agreed to pay half the cost of obtaining the transcript of the criminal trial further

supports the conclusion that obtaining the transcript was necessary to the resolution of this case. Accordingly, the Court finds that Mr. Barbarie's share of the cost of the criminal trial transcript was necessarily incurred and accordingly is reimbursable under Civil Local Rule 83.8(a)(2)(a).

In light of the foregoing and good cause appearing, the Court **APPROVES** Mr. Barbarie's Application (ECF No. 139). The Clerk of the Court **SHALL FORWARD** a copy of this Order to the Court's Financial Supervisor to facilitate the disbursement of a check in the amount of $1,126.50 from the Pro Bono Fund to Mr. Barbarie in accordance with Civil Local Rules 83.8(b)(1) and 83.8(c)(2).

**IT IS SO ORDERED.**

Dated: May 9, 2023

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge